Submitted September 27, affirmed October 19, 2022, petition for review denied March 30, 2023 (370 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN SCOTT STRAUB,
aka Brian Straub,
*Defendant-Appellant.*

Umatilla County Circuit Court
17CR74305; A175267

520 P3d 915

Defendant appeals from an order revoking probation and imposing a sentence, raising two assignments of error, one of which the Court of Appeals discusses. Defendant argues that the trial court plainly erred in accepting defense counsel's representations that defendant was willing to admit to three of the four allegations that he violated the conditions of probation. Defendant raises a plain-error argument that a trial court is required, in the context of a probation revocation hearing, to engage in formal colloquy with defendant about the opportunity to contest the allegations and the rights he would be giving up by admitting the allegations. Defendant's reasoning comes largely from the federal due process requirement that the waiver of a probation violation hearing must be knowingly and intelligently made. *Held*: The court agrees with the Ninth Circuit's reasoning in *United States v. Segal*, 549 F2d 1293 (9th Cir), *cert den*, 431 US 919 (1977), that federal due process does not require a formal colloquy to ensure a knowing and intelligent waiver of the right to contest a violation allegation in the context of a probation revocation hearing.

Affirmed.

Christopher R. Brauer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Defendant appeals from an order revoking probation and imposing a sentence, raising two assignments of error. We reject his second without discussion and write only to address his first. There, he argues that the trial court erred in accepting defense counsel's representations that defendant was willing to admit to three of the four allegations that he violated the conditions of probation. On appeal, defendant raises a plain-error argument that a trial court is required, in the context of a probation revocation hearing, to engage in a colloquy with defendant about the opportunity to contest the allegations and the rights he would be giving up by admitting the allegations. According to defendant, a failure to engage in such a colloquy is reversible error. We affirm.

Defendant is not entirely precise as to the source of law that underlies his argument. He references a 2005 Oregon Criminal Law Bench Book, which states that the court "should" make three determinations on the record: that the defendant knowingly is admitting the violation, that the admission is voluntary, and that the defendant understands the consequences of his or her admission. Defendant does not claim, quite properly, that bench books are authority. That portion of the bench book references federal caselaw, and as such, we understand defendant to be reasoning largely from federal due process.[1]

Defendant notes that probation violation hearings carry many of the procedural safeguards of trials—such as a right to counsel and confrontation. Defendant argues that "[t]he requirement of a knowing and voluntary waiver of a probation violation hearing makes sense given that a waiver of the right to a jury trial must be knowing, voluntary, and in writing." We agree, and no party appears to dispute, that the waiver of a probation violation hearing must be knowingly and intelligently made. The question here, however, is whether a formal colloquy is required as evidence of that

---

[1] Defendant cites Article I, section 11, of the Oregon Constitution in support of his argument that a formal colloquy is required but develops no independent argument from that source.

knowing waiver, or whether the representations of counsel are sufficient.

Defendant's argument that due process requires a formal colloquy has been rejected by the Ninth Circuit, which has held that a colloquy to ensure a knowing and intelligent waiver in the context of a probation revocation hearing is not required:

> "Segal would have us extend the *Boykin* protections so that the record would show a voluntary and intelligent waiver of the rights she forfeited by admitting violation of the terms of her probation. But the *Boykin* rule is tailored to the defendant's entering a plea of guilty. It will not fit on a different mannequin. The Court in *Boykin* required an affirmative showing on the record that a plea of guilty was knowing and voluntary because the plea is itself a conviction, ending the controversy. But admissions of probation violations do not end the controversy. The judge must still decide the more difficult issue whether the violations warrant revocation of probation. This involves predictive and discretionary considerations in addition to factual inquiries. Moreover, the probationer is allowed to present evidence in mitigation of the violations. Thus, admissions of probation violations, unlike guilty pleas, do not automatically trigger sentencing. To the extent that admissions are viewed as immediately preceding sentencing, it is only because a prior guilty plea has led to suspending the imposition of sentence."

*United States v. Segal*, 549 F2d 1293, 1298 (9th Cir), *cert den*, 431 US 919 (1977) (citations omitted). Although we are not bound by the Ninth Circuit on this issue, here we find its reasoning persuasive and reach the same conclusion. Any error was not plain.

Affirmed.