No. 417 May 13, 2026 615

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE DESMOND BAUDER,
*Defendant-Appellant.*

Malheur County Circuit Court
21CR34405; A182868

Lung S. Hung, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment revoking his probation and imposing a sentence of 18 months' imprisonment and 12 months' of post-prison supervision. In a single assignment of error, defendant argues that the court erred when it revoked his probation without a contested hearing because the record does not demonstrate that defendant knowingly and voluntarily waived his right to a hearing. We affirm.

Even if we were to find that defendant, as a *pro se* litigant, was excused from the normal preservation requirements, his claim is foreclosed by *State v. Straub*, 322 Or App 393, 520 P3d 915 (2022), *rev den*, 370 Or 827 (2023). In that case, we held that due process does not require a formal colloquy to establish a valid waiver of rights in the probation context. *Id.* at 395. We are unpersuaded that *Straub* can be distinguished on the basis that the defendant in that case was represented by counsel. We are further unpersuaded by defendant's arguments as to why we should overrule or disavow *Straub*. Moreover, the record in this case contains evidence that, over the course of his probation, defendant was informed on multiple occasions about his right to a contested hearing for violations and what such a hearing would involve—the latest coming less than a week before defendant made the admissions that he challenges in this appeal. In light of that information, the trial court was permitted to conclude that defendant's admissions, in lieu of a contested hearing, were knowing and voluntary.

Affirmed.